## E. R. CARPENTER V. STATE

No. 25511. November 21, 1951.

Hon. A. A. Dawson, Judge Presiding.

No attorney for defendant of record on appeal.

*George P. Blackburn*, State's Attorney, Austin, for the state.

DAVIDSON, Judge.

Receiving and concealing stolen property is the offense; the punishment, two years in the penitentiary.

The indictment alleged, in effect, that appellant on or about October 7, 1949, received from Thurman Gilley and did fraudulently conceal certain property, to wit: 2 tractor tires of the aggregate value of $51, belonging to and stolen from Floyd Hayes, appellant knowing that the property had been so acquired.

It will be noted that the tires are described in the indictment only in general terms, there being no allegation as to the size or other descriptive averments.

A necessary element of the offense charged is a showing of the acquisition of the property by theft. The sufficiency of the evidence to show this element of the offense is challenged.

James F. Hays, testifying for the state, testified that in October of 1949, there were stolen off his tractor while it was stored in a shed at his farm in Kaufman County, among other things, the two rear tires, the reasonable cash market value of which was around forty-five or fifty dollars each.

Whether this witness was the one and same person and also known as Floyd Hayes, the name of the alleged owner as stated in the indictment, is not shown, nor did the witness give any description of the tires stolen—that is, the size or make.

Thurman Gilley testified that during the month of October, 1949, he stripped a Ford tractor in Kaufman County, taking, among other things therefrom, the two back tires which he subsequently delivered to and hid in appellant's barn; that about a week later appellant paid him fifty dollars for the stolen property.

Peace officers, accompanied by Gilley, went to the appellant's barn and Gilley there showed them the tires he had stolen, hidden under some hay in the barn.

What became of the tires that were recovered is not disclosed by the record.

There is no testimony that either Floyd Hayes, the alleged owner named in the indictment, or James F. Hays, who testified in the case, identified the tires which were recovered as the tires that were stolen. The evidence furnishes no description of the tires that were stolen by which it could be said that

the tires that were recovered were the stolen tires. Moreover, Gilley was an accomplice witness and there is an utter absence of any corroborating testimony that the tires he said he sold and delivered to appellant were, in fact, stolen tires.

The insufficiency of the evidence to support the conviction is apparent in the particulars mentioned.

The judgment is reversed and the cause remanded.

Opinion approved by the court.